IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case Nos.   CV-06-171-S-BLW |
| Plaintiff-Respondent, | ) | CR-05-82-S-BLW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JOSE ESQUIVEL-RIVERA, | ) | |
| | ) | |
| Defendant-Petitioner. | ) | |
| | ) | |

Pending before the Court is Defendant's Motion Under 28 U.S.C. § 2255 to

Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-06-171-S-BLW and

Docket No. 32 in CR-05-82-S-BLW).[1]  Having reviewed the Motion, the

Government's Response, the record of the prior proceedings, and being otherwise

fully informed, the Court enters the following Order.

## REVIEW OF 28 U.S.C. § 2255 MOTION

### A.   Background and Summary of Claims

Defendant pled guilty pursuant to a plea agreement to illegal reentry

following deportation in violation of 8 U.S.C. § 1326(a) and (b)(2) having been

---

[1]  All further docket references shall be to the criminal case, Case No. CR-05-82-S-BLW,
unless otherwise noted.

**Memorandum Decision and Order - 1**

previously convicted of an aggravated felony.  Docket No. 13.  Prior to sentencing,

Defendant filed a Motion for Downward Departure based on the mitigating factor

that he had turned himself into the Ada County Jail on an unrelated misdemeanor

warrant, knowing that he could be deported again, in an effort to change his life

and be accountable for his actions.  Docket No. 25.

At the sentencing hearing on November 16, 2005, the Court denied the

downward departure motion and sentenced Defendant to a term of imprisonment of

77 months, the low end of the range based on an offense level of 21 and a criminal

history category of VI.  Defendant did not appeal his sentence or conviction.

Defendant timely filed the pending § 2255 Motion on the sole ground that:

> I was waiting for a citacion (sic) to go to
> court and when that time came up, I was
> unable to go to court so they give (sic) me a
> failure to appear in court and I got a warrant
> for my arrest.
>
> Four weeks later I turn (sic) my self in by
> my self and here I am.

The Government requests dismissal of the Motion on the grounds that Defendant

fails to state any grounds for relief, any supporting facts, or the relief requested.

Docket No. 3 in CV-06-171-S-BLW.

**B.     Standard of Law**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court

**Memorandum Decision and Order - 2**

may grant relief to a federal prisoner who challenges the imposition or length of his

or her incarceration: (1) "that the sentence was imposed in violation of the

Constitution or laws of the United States;" (2) "that the court was without

jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the

maximum authorized by law;" and (4) that the sentence is otherwise "subject to

collateral attack."

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a

federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears

from the motion, any attached exhibits, and the record of prior proceedings that the

moving party is not entitled to relief."

### C.      Discussion

The Court concurs with the Government that at first glance Defendant has

completely failed to state any ground for relief under § 2255.  However, the Court

notes that defense counsel filed an Affidavit (Docket No. 33) indicating that he met

with Defendant following the sentencing hearing, that Defendant asked him to

appeal his sentence, and that defense counsel failed to appeal the sentence.  In the

interest of judicial economy, and taking the Affidavit into consideration along with

Defendant's limited English language skills, the Court will liberally construe his

§ 2255 Motion as alleging ineffective assistance of counsel based on counsel's

**Memorandum Decision and Order - 3**

failure to file a notice of appeal.  While Defendant himself does not allege that he instructed counsel to file a notice of appeal, that missing allegation is supplied by defense counsel's Affidavit.

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice.  *See Strickland v. Washington*, 466 U.S. 668 (1984).  An attorney's failure to file a notice of appeal despite a defendant's specific instructions to do so constitutes both deficient performance and prejudice.  *See Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriguez v. United States*, 395 U.S. 327 (1969)).   This is so even if his plea agreement contained a waiver of his appeal rights or his appeal is not likely to succeed.  *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1197 (9th Cir. 2005) (citing *United States v. Peguero*, 526 U.S. 23, 28 (1969)).  When defense counsel has failed to file a notice of appeal despite a defendant's specific instructions to do so, the Court must vacate and reenter the judgment to enable the defendant to file a timely notice of appeal.  *Id.*  at 1198.

Defense counsel's Affidavit clearly sets forth the necessary foundation for a finding of ineffective assistance of counsel based on failure to file a notice of appeal despite specific instructions from Defendant.  Therefore, an evidentiary hearing need not be held to determine whether or not Defendant so instructed

**Memorandum Decision and Order - 4**

counsel.  However, even where the allegations require further development at an evidentiary hearing, the Government may choose not to contest a § 2255 Motion and let a defendant appeal.  *Id.*  Here, the Government has advised Court staff that it would stipulate to vacating and reentering the Judgment in order to reinstate Defendant's right to appeal.  Accordingly,

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket No. 1 in CV-06-171-S-BLW and Docket No. 32 in CR-05-82-S-BLW) is GRANTED.

IT IS FURTHER HEREBY ORDERED that the Judgment entered in Case No. CR-05-82-S-BLW on November 16, 2005 (Docket No. 30) is VACATED and REENTERED.  The Clerk of Court is directed to appoint new counsel to both (1) file a notice of appeal within ten (10) days of the entry of the reentered judgment, and (2) represent Defendant in his direct appeal.



DATED:  **November 17, 2006**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**